IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-411-1 |
| v. : | |
| MARTIN SUCHAN : | |

**GOVERNMENT'S   SENTENCING  MEMORANDUM**

I.   **INTRODUCTION**

After communicating, in sexually explicit language, with an undercover FBI agent posing as a 13-year-old female through an Internet chat room/instant messaging system, Martin Suchan traveled from Northern New Jersey to Franklin Mills Mall in Northeast Philadelphia with the expectation of meeting the 13-year girl and engaging in sexual intercourse. As explained in more detail in the factual basis for his plea, Suchan used a facility of interstate commerce to entice a young female under the age of 18 to engage in sexual activities with him.  He also traveled in interstate commerce for the purpose of engaging in the foregoing conduct.

On August 15, 2006, a federal grand jury for the Eastern District of Pennsylvania, sitting in Philadelphia, returned a two-count indictment against defendant Martin Suchan ("Suchan").  Count 1 of the indictment charged Suchan with using a facility in interstate commerce to entice a minor to have sex in violation of 18 U.S.C. Section 2422(b) while Count 2 charged the defendant with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. Section 2423(b).

The defendant is before the Court for sentencing.  The Presentence investigation report states that the defendant's guide range is 46 to 57 months, however, there is a mandatory

1

minimum sentence of five years for Count One.  Thus, the guideline range is 60 months.  The guidelines set forth a fine range of $10,000 to $100,000.  Government requests that the Court impose a sentence of 60 months imprisonment. With respect to the imposition of a fine, government counsel will defer to the Court's judgment.

## II.     DISCUSSION

The United States Court of Appeals for the Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted), citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006).

### A.     The Advisory Guidelines

The Third Circuit has explained that the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors

should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." Cooper, 437 F.3d at 329.  See also United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006) (directing district courts to explain all guideline determinations and final sentences, stating, "There is simply no substitute for on-the-record discussion and deliberation.  It ensures that the parties are fully informed of their rights and obligations and that the appellate court will be able to assess the merits of the final judgment."); United States v. King, 454 F.3d 187, 196-97 (3d Cir. 2006) (district courts "should observe the requirement to state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review."). Accordingly, in United States v. Grier, 475 F.3d 556, 571-72 (3d Cir. 2007) (en banc), the Court held that the solitary statement, "The Court believes that 100 months is reasonable in view of the considerations of section 3553(a)," was insufficient to explain the district court's reasoning, and remanded for resentencing.

      B.    **Statutory Sentencing Factors**

      In imposing sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a).  United States v. Booker, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established in the Sentencing Guidelines.  The Third Circuit has confirmed: "In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances." Cooper, 437 F.3d at 330.  This Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision.  Id.; see also United States v.

Grier, 475 F.3d 556 (3d Cir. 2007) (en banc) (preponderance standard applies to all guideline facts, even an offense level enhancement which requires proof of a separate, uncharged crime); United States v. Giaquinto, 441 F.3d 195, 196 (3d Cir. 2006) (determine relevant conduct by a preponderance of the evidence). In short, the guideline range should be calculated in the same manner as it was prior to Booker.

> [W]e emphasize that the sentencing courts in this Circuit should continue to follow the requirement to "consider" the Guidelines by calculating a Guidelines sentence as they would have before Booker, including formally ruling on the motions of both parties and stating on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and taking into account this Circuit's pre-Booker caselaw, which continues to have advisory force.

United States v. King, 454 F.3d 187, 196 (3d Cir. 2006).

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission .

> . . that . . . is in effect on the date the defendant is sentenced; . . .
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III.     CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence which, in this requires, is 60 months imprisonment.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
FLOYD J. MILLER
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the Government's Sentencing Memorandum was served upon counsel for Matin Suchan this 21st day of August 2007 by telefax. A copy of the same was also served upon counsel by mail, postage prepaid, which was addressed to:

Janis Smarro, Esquire
Strutin & Smarro
1617 J.F.K. Blvd.
One Penn Center Suite 936
Philadelphia, PA 19103

_____
**FLOYD J. MILLER**
**Assistant United States Attorney**